# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TINA M. STEPHENS,                                    Case No. 1:19-cv-954
     Plaintiff,                                      Barrett, J.
                                                     Litkovitz, M.J.

     vs.

FRISCH'S BIG BOY RESTAURANTS, et al.,                **REPORT AND**
     Defendants.                                     **RECOMMENDATION**

Plaintiff Tina M. Stephens brings this pro se employment discrimination action against defendants Frisch's Restaurants, Inc. and managers Amy Flutmus and Henry Shannon.[1]  (Doc. 3).  This matter is before the Court on defendant Frisch's motion to compel arbitration or in the alternative motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5), plaintiff's response in opposition (Doc. 18), and defendant Frisch's reply memorandum (Doc. 20).  This matter is also before the Court on defendants Flutmus and Shannon's motion to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process (Doc. 9), plaintiff's response in opposition (Doc. 14), and defendants' reply memorandum (Doc. 17).

## I.  Facts

The complaint alleges that plaintiff is a 55-year-old, African American female with a disability.  (Doc. 3-1 at 4).[2]  Plaintiff alleges that she complained to her employer about being

---

[1] Plaintiff names "Frisch's Big Boy Restaurants," "Manager Amy," and "Manager Henry" as defendants in this action.  Defendants clarify that the proper names of these defendants are Frisch's Restaurants, Inc., Amy Flutmus, and Henry Shannon.  (Docs. 5, 9)

[2] In ruling on a motion to dismiss, the Court "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [a] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims therein, without converting the motion to one for summary judgment."  *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing K*reipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  Documents filed with the EEOC are matters of public record that may be considered on a motion to dismiss.  *Caplinger v. Uranium Disposition Servs., LLC*, No. 2:08-cv-548, 2009 WL 367407, at *2 (S.D. Ohio Feb. 11, 2009).  *See also Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862-63 (N.D. Ohio 2013).  Therefore, this decision summarizes the facts alleged in both the complaint and the charge of discrimination that plaintiff filed with the EEOC on August 14, 2019.

harassed by a male employee and also complained about other workplace practice issues. (*Id.*). As a result, plaintiff alleges she was given reduced hours and was subjected to physical and mental harm. (*Id.*; Doc. 3 at 2). Plaintiff alleges that this activity occurred from March 22, 2019 through July 10, 2019. (Doc. 3 at 2). On July 14, 2019, plaintiff resigned from her employment because she was harassed by male and female employees. (Doc. 3-1 at 4). Based on these facts, plaintiff alleges that she was discriminated against based on her race, age, sex, and disability, and subjected to retaliation. (Doc. 3 at 2).

## II. Motion to Compel Arbitration (Doc. 5)

### A. The Parties' Arguments

Defendant Frisch's moves to compel arbitration, arguing that plaintiff signed an agreement to submit all discrimination and civil rights claims to binding arbitration. (Doc. 5-2 at 5). In its motion, defendant Frisch's attaches an exhibit entitled "Policy Acknowledgement Status Report," which lists plaintiff's name, employee ID, user ID, and fifteen of Frisch's employment policies that employees must acknowledge. (Doc. 5-2). The Status Report shows that plaintiff viewed and acknowledged these policies, which included an arbitration agreement, on March 6, 2019. (*Id.*). Defendant Frisch's attaches a second exhibit, which is the text of the arbitration agreement that plaintiff acknowledged with a blank signature page. (Doc. 5-3). The arbitration agreement states:

> AGREEMENT TO BE BOUND BY THE ARBITRATION AGREEMENT
> I have carefully read the Arbitration Agreement contained in the Restaurant Team Member Handbook.
> I UNDERSTAND THAT BY SIGNING BELOW I AGREE TO BE BOUND BY THE TERMS OF THE ARBITRATION AGREEMENT AND TO SUBMIT TO FINAL AND BINDING ARBITRATION ALL CLAIMS (INCLUDING, BUT NOT LIMITED TO, DISCRIMINATION AND CIVIL RIGHTS CLAIMS) FOR WHICH A COURT OTHERWISE WOULD BE AUTHORIZED TO GRANT RELIEF, WHICH IN ANY WAY ARISE OUT OF

OR RELATE TO MY EMPLOYMENT WITH FRISCH'S OR THE TERMINATION OF MY EMPLOYMENT WITH FRISCH'S.

This Agreement does not prevent you from filing charges with the EEOC or other federal or state civil rights agencies or the NLRB.  I enter into the Arbitration Agreement in return for employment or continued employment, to the extent permitted by law, the commitment of Frisch's to be bound by arbitration, and to gain the many benefits associated with arbitration.

(*Id.* at 1).

In response, plaintiff asserts that she "did not sign a [sic] arbitration at time of [her] employment, because Amy Flutmus (manager) at the time was in a rush to hire [her]."  (Doc. 18 at 1).  Plaintiff also asserts that she was not properly trained and had to train herself.  (*Id.*).

**B. Standard of Review**

The Federal Arbitration Act ("FAA") allows for a "liberal federal policy favoring arbitration agreements."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2).  *See also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). The goal of the FAA is to "ensure that private agreements to arbitrate are enforced according to their terms."  *Volt Info Scis., Inc v. Bd. Of Tr. Of Leland Stanford , Jr. Univ.*, 489 U.S. 468, 479 (1989).  The Supreme Court has emphasized that the FAA "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted.'"  *Epic Sys. Corp.*, 138 S. Ct. at 1621 (emphasis in original) (quoting *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013)).

In reviewing a motion to compel arbitration, courts should "treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can

be drawn therefrom in a light most favorable to the nonmoving party." *Great Am. Ins. Co. v. Gemma Power Sys., LLC*, No. 1:18-cv-213, 2018 WL 6003968, at *2 (S.D. Ohio Nov. 15, 2018) (quoting *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003)). In order to defeat a motion to compel arbitration, the nonmovant has the burden to "show a genuine [dispute] of material fact as to the validity of the agreement to arbitrate." *Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394, 397 (6th Cir. 2017) (quoting *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)).

> As the Sixth Circuit has explained:
>
> "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25. "[T]here is a general presumption of arbitrability, and any doubts are to be resolved in favor of arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'"

*H.H. Franchising Sys., Inc. v. Pawson*, No. 1:17-cv-368, 2018 WL 1456131, at *3 (S.D. Ohio Mar. 23, 2018) (Dlott, J) (quoting *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004)). In determining the enforceability of an arbitration agreement, courts apply state law of contract formation. *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016). Under Ohio law, the elements of a valid contract include an offer, acceptance, mutual assent, and consideration. *Kostenik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002).

## C. Resolution

The Court must first determine whether a valid agreement to arbitrate exists between the parties. *Javitch*, 315 F.3d at 624. Under Ohio law, contract formation occurs when the parties objectively manifest an intent to be bound. *Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*,

4

16 F. Supp. 3d 922, 933 (S.D. Ohio 2014) (citing *McSweeney v. Jackson*, 117 Ohio App.3d 623,

691 N.E.2d 303, 308 (Ohio Ct. App. 1996)).  Plaintiff argues that she never signed an arbitration

agreement because she was not trained properly and manager Amy Flutmus was "in a rush" to

hire her.  (Doc. 18 at 1).  However, plaintiff fails to raise a genuine dispute as to whether she

assented to the terms of the arbitration agreement.  Defendant Frisch's presents evidence that

plaintiff viewed and electronically acknowledged the arbitration agreement, among other

employment policies, on March 6, 2019.  (Doc. 5-2).  Courts within the Sixth Circuit have held

that employee acknowledgments of arbitration agreements executed electronically, as used by

Frisch's in this case, are binding and enforceable.  *See Gragston v. Coca-Cola Refreshments*, No.

1:14-cv-986, 2015 WL 4999260, at *5 (S.D. Ohio July 27, 2015) (Report and Recommendation)

(holding electronic acknowledgements are valid methods of assenting to arbitration), *adopted*,

2015 WL 4985087 (S.D. Ohio Aug. 21, 2015); *Nealey v. Heritage Oaks Management

Enterprises USA, LLC*, No. 2:18-cv-1759, 2020 WL 2507332, at *3 (S.D. Ohio May 15, 2020)

(holding that plaintiff failed to raise an issue of material fact regarding the validity of an

arbitration agreement that was executed by an employee acknowledgment); *Knight v. Amedisys

Holding, LLC*, No. 3:16-cv-39, 2016 WL 5661227, at *3 (W.D. Ky. Sept. 28, 2016) ("Because

[plaintiff] clicked the acknowledgment form to indicate that she received and understood the

materials, and she did not opt out of the Agreement, [plaintiff] manifested her assent to the

Agreement, including the agreement to arbitrate").  Moreover, electronic signatures are binding

under Ohio law.  *Jones*, 16 F. Supp. 3d at 935 (citing Ohio Rev. Code § 1306.06).  Courts have

upheld arbitration agreements executed electronically even where a plaintiff alleges she never

signed or acknowledged an arbitration agreement.  *See Nealey*, 2020 WL 2507332, at *3;

*Gragston*, 2015 WL 4999260, at *5.  Plaintiff's naked assertion that she did not sign the

arbitration agreement, without more, is insufficient to raise a dispute of material fact regarding the validity of the arbitration agreement or whether she electronically acknowledged the arbitration agreement on March 6, 2019. *Nealy*, 2020 WL 2507332, at \*3.

Even if the Court were to accept that plaintiff did not acknowledge the arbitration agreement, plaintiff's continued employment with Frisch's is sufficient evidence of her mutual assent to the arbitration agreement. *See Nealey*, 2020 WL 2507332, at \*3; *Jones*, 16 F. Supp. 3d at 935. *See also Dantz v. Am. Apple Grp., LLC*, 123 F. App'x 702, 708 (6th Cir. 2005) ("Mutual assent is manifested by [plaintiff]'s continued employment after having been told explicitly that the arbitration agreement was condition of her employment."); *Porter v. MC Equities, LLC*, No. 1:12-cv-1186, 2012 WL 3778973, at \*6 (N.D. Ohio Aug. 30, 2012) ("an employee's continued employment with her employer alone is sufficient consideration for an arbitration agreement under Ohio law"). Accordingly, because plaintiff has failed to raise a genuine dispute of fact as to whether she signed the arbitration agreement and because her continued employment with Frisch's manifests her mutual assent to the arbitration agreement, the Court concludes that the arbitration agreement as electronically acknowledged by plaintiff on March 6, 2019 is valid and binding.

Next, the Court must determine whether plaintiff's claims in this lawsuit fall within the scope of the arbitration agreement. *Javitch*, 315 F.3d at 624. "If the matter at issue can be construed as within the scope of the arbitration agreement, it should be so construed unless the matter is expressly exempted from arbitration by the contract terms." *Jones*, 16 F. Supp. 3d at 942 (quoting S*imon v. Pfizer, Inc*., 398 F.3d 765, 773 n.12 (6th Cir. 2005)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* (quoting M*oses H. Cone Mem'l Hosp*., 460 U.S at 24-25). In her complaint, plaintiff brings claims

against defendants for race, age, sex, and disability discrimination, as well as retaliation.  There is no question that these claims fall within the scope of the arbitration agreement acknowledged by plaintiff, which provides that all claims, including but not limited to discrimination and civil rights claims, shall be submitted to final and binding arbitration.  (Doc. 5-3).

Finally, the Court must determine if this matter should be stayed pending arbitration proceedings or be dismissed.  The FAA requires that a court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ."  9 U.S.C. § 3.  However, dismissal, rather than a stay of proceedings, is proper where all remaining claims are arbitrable.  *De Angelis v. Icon Entm't Grp. Inc.*, 364 F. Supp. 3d 787, 797 (S.D. Ohio 2019) (citing H*ensel v. Cargill, Inc.*, 1999 WL 993775, (6th Cir. Oct. 19, 1999) (table)).  *See also Braxton v. O'Charley's Restaurant Properties, LLC*, 1 F. Supp. 3d 722, 729 (W.D. Ky. 2014)  (the Sixth Circuit follows the approach that a court may dismiss the action if all the claims in the suit will be referred to arbitration); *Napier v. W. Chester Hosp., LLC*, No. 1:18-cv-00234, 2019 WL 1317859, at *2 (S.D. Ohio Mar. 22, 2019) (Barrett, J) ("The Court is within its discretion to dismiss a case where all claims are subject to arbitration.") (citing *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000)); *Belmont Med. Care, LLC v. Cmty. Ins. Co.*, No. 2:18-cv-968, 2019 WL 1676003, at *6 (S.D. Ohio Apr. 17, 2019) (same).  Here, because the Court has determined that the arbitration agreement acknowledged by plaintiff is enforceable and that all of the claims in this lawsuit fall within the scope of the arbitration agreement, the Court concludes that dismissal without prejudice, rather than a stay of proceedings pending the conclusion of arbitration, is

appropriate. *See Napier*, 2019 WL 1317859, at *3. Therefore, defendant Frisch's motion to compel arbitration (Doc. 5) should be **GRANTED**.

## III. Defendants Amy Flutmus and Henry Shannon's Motion to Dismiss under Fed. R. Civ. P. (12)(b)(5) (Doc. 9)

Individual defendants Amy Flutmus and Henry Shannon move to dismiss plaintiff's claims against them for insufficient service of process under Fed. R. Civ. P. 12(b)(5). (Doc. 9).[3] Because the Court has determined that defendant Frisch's motion to compel arbitration should be granted and this case should be dismissed without prejudice pending the conclusion of arbitration, defendants Flutmus and Shannon's motion to dismiss under Fed. R. Civ. P. 12(b)(5) (Doc. 9) should be **DENIED** as **MOOT**.[4]

## IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendant Frisch's motion to compel arbitration (Doc. 5) be **GRANTED** and this case be **DISMISSED** without prejudice from the docket of this Court

2. Defendants Amy Flutmus and Henry Shannon's motion to dismiss or quash service under Fed. R. Civ. P. 12(b)(5) (Doc. 9) be **DENIED** as **MOOT**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in

---

[3] Defendants note that they did not receive notice via CM/ECF until January 10, 2020 that the summonses were returned as executed, which was after the date to file a responsive pleading had passed. (Doc. 9-1 at 2).

[4] Although defendants Flutmus and Shannon were not signatories to the arbitration agreement between plaintiff and Frisch's, the Sixth Circuit has held that nonsignatory agents of an employer may be bound to an arbitration agreement under agency principles. *Javitch*, 315 F.3d at 629. *See also Kruse v. AFLAC Int'l, Inc*., 458 F. Supp. 2d 375, 383 (E.D. Ky. 2006) (holding that nonsignatory agents have the benefits of the arbitration agreement made by their principal) (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281-82 (6th Cir. 1990)); *Powell v. Sparrow Hosp*., No. 1:10-cv-206, 2010 WL 2901875, at *4 (W.D. Mich. July 23, 2010) ("Companies act through their employees. Accordingly, where claims against individual employees or owners of a company are identical to those against the company, the claims against the individuals are similarly governed by the agreement to arbitrate"). Therefore, plaintiff's claims against the individual defendants are subject to arbitration.

good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff

remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan*

*v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States*

*Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).



Date:   7/29/2020

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TINA M. STEPHENS,                                    Case No. 1:19-cv-954
      Plaintiff,                                    Barrett, J.
                                                     Litkovitz, M.J.

      vs.

FRISCH'S BIG BOY RESTAURANTS, et al.,
      Defendants.

<b>NOTICE</b>

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).